**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-83

UNITED STATES TAX COURT

STEPHEN ANDREW BALL AND PAMELA SUE BAINTER-BALL, Petitioners
<u>v</u>. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2524-13S.               Filed August 26, 2014.

Stephen Andrew Ball and Pamela Sue Bainter-Ball, pro sese.

<u>John R. Bampfield</u>, for respondent.

SUMMARY OPINION

COHEN, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  The decision to be entered is not reviewable by any other Court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, all

section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $3,363 in petitioners' Federal income tax for 2009. The issue for decision is whether petitioners have substantiated deductible vehicle and other expenses beyond those respondent conceded.

Background

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioners resided in Tennessee at the time that they filed their petition.

In 2009, Stephen Andrew Ball (petitioner) worked as a firefighter for the city of Memphis, and Pamela Sue Bainter-Ball (Bainter-Ball) operated her own travel agency (Bainter-Ball Travel). That year Bainter-Ball also attempted to start up a greeting card venture and to sell sunglasses containing MP3 players.

Petitioners' joint 2009 Federal income tax return was prepared by H&R Block. On Schedule C, Profit or Loss From Business, Bainter-Ball Travel reported gross income of $200 and a net loss of $23,041. Bainter-Ball Travel claimed a deduction for annual business expenses totaling $22,780. The car and truck expenses of $18,780 derived largely from 28,600 business miles reported as

driven primarily by Bainter-Ball. The claimed other expenses of Bainter-Ball Travel consisted of $1,200 for cellular telephones (cell phones), $100 for training, and $1,500 for shipping.

## Discussion

Section 162 allows as a deduction "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". Taxpayers are required to maintain sufficient records to establish the amount and purpose of any deduction. Sec. 6001; Higbee v. Commissioner, 116 T.C. 438, 440 (2001); sec. 1.6001-1(a), (e), Income Tax Regs. The taxpayer has the burden of proving her or his deductions claimed. See New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Rockwell v. Commissioner, 512 F.2d 882, 886 (9th Cir. 1975), aff'g T.C. Memo. 1972-133.

All of the disallowed business expense deductions remaining in issue related to Bainter-Ball's business, but she did not appear at trial. Her testimony to explain the travel, subject to cross-examination, was necessary under the circumstances. While petitioner provided a printout of a Google calendar for 2009, the mileage shown for a few dates and with inadequate descriptions did not equal the mileage reported on the return. No other documents corroborated the

mileage driven on petitioners' vehicle for business or personal use or the place or business purpose of the travel.

Moreover, passenger automobiles and cell phones were listed property in 2009 under section 280F(d)(4)(A)(i), (v). A deduction for listed property expenses requires additional substantiation. Sec. 274(d). A taxpayer must substantiate by adequate records or by sufficient evidence corroborating the taxpayer's own statement the amount of the expense, the time and place of travel, and the business purpose of the expense. Id.; see also sec. 1.274-5T(b)(6), (c)(1) and (2), Temporary Income Tax Regs., 50 Fed. Reg. 46016-46017 (Nov. 6, 1985). While a contemporaneous log is not required, a taxpayer's subsequent reconstruction of his or her expenses does require corroborative evidence with a high degree of probative value to support such a reconstruction not made at or near the time of the expenditure, in order to elevate that reconstruction to the same level of credibility as a contemporaneous record. Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., supra.

Petitioners presented no evidence with respect to their claimed cell phone expenses. Although petitioners may actually have had business travel expenses and cell phone expenses in relation to Bainter-Ball's business and other ventures, section 274(d) precludes estimates. See Sanford v. Commissioner, 50 T.C. 823,

827 (1968), <u>aff'd per curiam</u>, 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a)(4), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

To reflect the foregoing and to give effect to respondent's concessions,

<u>Decision will be entered</u>

<u>under Rule 155</u>.